UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ROYAL STREET COMMUNICATIONS,
LLC,

    Plaintiff,

v.                                CASE NO: 8:06-cv-1754-T-23TBM

LEAP WIRELESS INTERNATIONAL,
INC, et al,

    Defendants.
_____/

**ORDER**

The plaintiff, Royal Street Communications, LLC, sues the defendants ("Leap Wireless") and seeks declaratory judgment. Leap Wireless moves to dismiss the complaint or to transfer to the Eastern District of Texas, where litigation pends between many or most of the same parties, for alleged infringement of the same patent, the '497 patent. For the following reasons, the defendants' motion to transfer (Doc. 11) is **GRANTED**.

"Absent compelling circumstances, a court initially seized of a controversy should be the one to decide the case . . . ." Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Haydu, 675 F.2d 1169 (11th Cir. 1982). Both the parties and issues in dispute significantly overlap with parties and issues in the Eastern District of Texas. For example, Leap Wireless sued, among others, a company named MetroPCS Wireless for infringement of the '497 patent. All three named officers or directors of the plaintiff,

Royal Street Communications, LLC, are MetroPCS employees.  "Where two actions involving overlapping issues and parties are pending in two federal courts, [we defer to the] strong presumption across the federal circuits that favors the first filed forum." Manuel v. Convergys Corp., 430 F.3d 1132, 1135-36 (11th Cir. 2005).  Failing to show comity to the first-filed action may result in a waste of judicial resources, potentially inconsistent rulings, and piecemeal resolution of the dispute between the parties.

Accordingly, this action is **TRANSFERRED** to the Eastern District of Texas.  The Clerk is directed to (1) transfer the matter, (2) terminate any pending motions, and (3) close the case.

ORDERED in Tampa, Florida, on July 2, 2007.

*[signature]*
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE

cc:     Magistrate Judge